MRS. HATTIE COUGHTRY v. JOHN C. HAUPT ET AL.

Decided November 9, 1907.

**1.—Liquor Dealer's Bond—Aggrieved Party—Mother.**

The mother of an unmarried son, over twenty-one years of age, and who lived with her and was her sole support, is such an aggrieved party as may sue upon a liquor dealer's bond for selling liquor to her said son, an habitual drunkard.

**2.—Same—Repeal by Implication—Baskin-McGregor Law Construed.**

The provision of the laws theretofore existing regulating the retail sale of intoxicating liquors and authorizing a suit upon a liquor dealer's bond by a mother for the selling of liquor to her son, an habitual drunkard, was not repealed, either expressly or by implication, by the Baskin-McGregor law.

Appeal from the 44th District Court, Dallas County. Tried below before Hon. Richard Morgan.

*Cockrell & Gray,* for appellant.

*Barry Miller* and *T. L. Camp,* for appellees.

RAINEY, CHIEF JUSTICE.—Appellant, a feme sole, brought this action against appellee Haupt and surety, to recover for the violation of the provisions of a liquor dealer's bond in selling intoxicating liquors to her son, who was twenty-five years of age, and an habitual drunkard. A general and special demurrer to the plaintiff's petition were sustained, and the cause dismissed, from which action of the court this appeal is taken. The effect of the demurrers was that the allegations of the petition showing that the son to whom the intoxicants were sold was over twenty-one years of age at the time of sale, the appellant, his mother, was not an aggrieved party as contemplated by the statute, and was therefore not entitled to recover.

The petition correctly alleged the acts of sale, etc., and, among others, alleged that "she was and is aggrieved by the acts hereinafter complained of, and in that George Coughtry is her son, and of the age of about twenty-five years, and is unmarried, and has for several years, and he has since his majority, resided with and been a member of plaintiff's family, and has been the sole support of his mother, this plaintiff, and that during the year 1904, and for several years prior thereto, the said George Coughtry was an habitual drunkard, and it was his habit during the said several years, and during the whole of the year 1904, to become intoxicated three or four times every month."

The statute under which this action was brought, article 5060g, requires retail liquor dealers to execute a bond, the condition of which, among other things, is not to sell or give intoxicants "to any person under the age of twenty-one years of age, or to a student of any institution of learning, or to any habitual drunkard, or to any person after having been notified in writing, through the sheriff or other peace officer, by the wife, mother, daughter or sister of the person, not to sell to such person . . . , which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its pro-

visions, and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the condition of such bond," etc. It will be observed that the language of the statute does not require notice to be given before a recovery can be had for selling to an habitual drunkard, but in giving a right of action to the party aggrieved, was it contemplated by the Legislature that a mother would be included therein? We think so. It recognizes that the "mother" would be an aggrieved party by mentioning her in the clause requiring notice not to sell to *"any person."* Besides, the son was unmarried, lived with her and her sole support. While he was not legally bound to support her it was his filial duty to do so, and she had a pecuniary interest in him to that extent, and it was her moral duty to prevent the liquor dealer from furthering the ruin of her son by selling him intoxicating liquors. The law was enacted to lessen the evil effects of the liquor traffic by preventing, in a slight degree, the ruin of the home and the happiness of the family that is so often wrought by the indulgence in intoxicants. And who is more interested in the enforcement of this law than the wife, mother, daughter and sister? These include the females that usually are constituents of the family, and are affected more seriously by the liquor traffic, and to our minds it is evident the Legislature contemplated that the mother would be aggrieved, as that term is used in the bond, by the selling of intoxicants to a son who was an habitual drunkard. We conclude, therefore, that the court erred in sustaining the demurrers.

The appellee contends that the law under which this action was brought was repealed by the Act of the Thirtieth Legislature, regulating the retail sale of intoxicating liquors, said Act known as the Baskin-McGregor Law, and that this action should abate.

We do not agree with this contention. We understand that the unconditional repeal of the law that gave the right to sue for a penalty would be a legal bar to the further prosecution of a suit for the recovery of such a penalty, but was the enactment of the Baskin-McGregor Law such a repeal of the former law as to bar a recovery in this suit? The Baskin-McGregor Law regulates the liquor traffic and embraces many things that are not included in the former law. The repealing clause reads: "All laws and parts of laws in conflict with this Act are hereby expressly repealed." The former law is not expressly mentioned as repealed. It only repeals laws in conflict with it. Not only does it not mention the former law, but it includes in the conditions of the bond to be given, among others, the very provision of the former law under which this suit was brought, and to this extent is but a re-enactment of the former law. It grants a recovery to the party aggrieved for the sale to the same parties as the old law. We therefore hold that the Baskin-McGregor Law keeps the provisions of the former law, here involved, in force. and that plaintiff's action did not abate.

For the error pointed out the judgment of the lower court is reversed and the cause remanded for trial.

*Reversed and remanded.*